OPINION
{¶ 1} Mark Wadsworth was indicted on three counts of unlawful sexual conduct with a minor, a third degree felony. Wadsworth pleaded guilty to two counts and the third count was dismissed. The trial court, after receiving a presentence investigation report (PSI), sentenced Wadsworth to concurrent sentences of four years.
 {¶ 2} Wadsworth advances a single assignment of error on appeal:
 {¶ 3} "The trial court erred when it imposed concurrent four-year terms of imprisonment upon the appellant when a minimum sentence of one year was presumed and was not overcome by any facts in the record."
 {¶ 4} Unlawful sexual conduct with a minor, if a third degree felony — see R.C. 2907.04(B)(3), is punishable by imprisonment of 1, 2, 3, 4, or 5 years.
 {¶ 5} Wadsworth contends he was entitled to be sentenced to only one year pursuant to 2929.14(B). He claims the record does not support the trial court's finding that "the shortest prison term will demean the seriousness of (Wadsworth's) conduct." R.C. 2929.14(B)(2).
 {¶ 6} We disagree. In imposing sentence, the trial court stated:
 {¶ 7} "Now, Mr. Wadsworth, considering the Principles of Sentencing under 2929.11 of the Ohio Revised Code and the Seriousness and Recidivism Factors under 2929.12, I will note that this is a serious crime. And, more specifically, that this was committed — the victim does have serious psychological harm as a result of this offense.
 {¶ 8} "That the victim — the whole crime was exacerbated due to the age of the victim and her mental condition. And that your relationship with the victim's family facilitated the offense. That's under the seriousness factors.
 {¶ 9} "Under the recidivism factors, I find that prior to committing this offense, you've had no record — no criminal record of any sort. So it is less serious under the recidivism factors.
 {¶ 10} "There is a presumption here for a minimum sentence because of that. But I would find that a minimum sentence in this case would demean the seriousness of this offense. And so I'm going to sentence you to the Corrections Reception Center for a period of four years."
 {¶ 11} Thus, the trial court identified three of the "more serious" factors. R.C. 2929.12(B)(1), (2), (6).
 {¶ 12} The facts, as disclosed by the PSI, are that Wadsworth was 50 years old and his victim was the fourteen year old daughter of his live-in girlfriend. The daughter was at a 5-6 year old learning level. Wadsworth engaged in various forms of sexual activity with the daughter — including oral and vaginal sex — during the daughter's bi-weekly weekend visits to her mother's residence, while her mother was at work. The sexual activity occurred frequently over a period of at least a year. The daughter suffered psychological harm and was placed under the care of a psychologist.
 {¶ 13} In our judgment, the trial court acted well within its discretion in concluding that a minimum sentence would demean the seriousness of Wadsworth's behavior. Wadsworth repeatedly exploited a mentally handicapped young woman while her mother was away from the premises. He secured her silence during this period of exploitation by threatening to get rid of her cat if she told anyone about what was occurring.
 {¶ 14} Wadsworth argues that the trial court's finding that a minimum sentence is inappropriate is undermined by its determination not to find him to be a sexual predator.
 {¶ 15} We reject this argument. "Sexual predator" status requires a finding that it is likely that the defendant will commit a sexual offense in the future. As the trial court observed and ruled:
 {¶ 16} "Beginning with the sex offender status. In order to make a finding of sexual predator which has been requested by the Prosecution, it would have to be established by clear and convincing evidence that it's more probable than not that the offender will commit a sexually-oriented offense in the future.
 {¶ 17} "Based on the report I have in front of me from the psychologist, it is noted that the — Mr. Wadsworth, in regards to behavioral characteristics that might contribute to his conduct, does not have any of the indications under Section (J) that might be indicative of future sexual crimes. And in fact, she has made a finding that the sex offender recidivism rate in incest offenders is very low. It's the lowest risk.
 {¶ 18} "Therefore, there not being clear and convincing evidence of the sexual predator status, I will find that you are a sexually-oriented offender."
 {¶ 19} The fact that Wadsworth may not sexually offend in the future has no bearing on the gravity of the offenses to which he pleaded guilty and was sentenced. Recidivism expressly played no role in the trial court's sentencing decision.
 {¶ 20} The trial court obviously believed that the seriousness of Wadsworth's long term, furtive sexual exploitation of a mentally retarded young woman would be minimized by a one year sentence. We find no abuse of discretion in this sentencing decision.
 {¶ 21} The assignment of error is overruled.
 {¶ 22} The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.